UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MOORE, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 09 C 1712 |
| | ) | |
| LARRY TRENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the court on Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons stated below, the motion is granted.

**BACKGROUND**

Plaintiffs Michael Moore, William Mallo, Emmett Harris, Lawrence Harmon and Julian Powell ("Plaintiffs") are all retired employees of the Cook County Sheriff's Department. Each Plaintiff served more than 20 years for either the Cook County Sheriff's Department of Corrections or the Department of Court Services and Civil Process. Throughout their employment, Plaintiffs were authorized to carry weapons except when working in a correctional facility.

Defendants Larry Trent, Jody Weis, Lisa Madigan, Anita Alvarez, Timothy J. Davlin, Bennett W. Dickmann, Brent A. Fischer, G. Nick Graff, Robert J. Hogan, David

E. Livesay, Valerie L. Salmons, John H. Schlaf, Ted J. Street, H. Richard Watson, Dwight W. Welch, Thomas Dart, Karen E. Spangenberg, Judy Erwin, Krystal L. Fitzpatrick, and Roger E. Walker, JR., ("Defendants") are all members of the Illinois Law Enforcement Training and Standards Board ("Training and Standards Board") and are sued in their official capacities. The Training and Standards Board is a state agency charged with formulating training standards for law enforcement executives, officers, and county corrections officers in Illinois. The Board is also responsible for the certification of qualified retired law enforcement officers allowing them to carry concealed firearms.

Plaintiffs filed separate applications with the Concealed Carry Program, which is administered by the Training and Standards Board, seeking the right to carry concealed weapons as qualified retired law enforcement officers pursuant to the Law Enforcement Officers Safety Act of 2004, 18 U.S.C. 926C (2010) ("LEOSA"). The Concealed Carry Program denied Plaintiffs' applications. The Training and Standards Board sent each Plaintiff a letter stating as follows:

> "Dear Mr. [Name of Plaintiff]:
>     The office of the Illinois Retired Officer Concealed Carry Program ["IROCC"] declines to certify that you meet certain criteria for being designated a "qualified retired law enforcement officer" under the Law Enforcement Officer Safety Act of 2004, 18 U.S.C. § 926C as authorized by the Illinois Police Training Act, 50 ILCS 705/10.

> Specifically, IROCC finds a lack of evidence that (you): ...
> (2) before such retirement, was a certified Law Enforcement Officer as defined in the Illinois Police Training Act, and had statutory powers to arrest[.]"

On March 19, 2009, Plaintiffs initiated this suit against Defendants alleging that the Training and Standards Board's failure to issue photographic identification cards and permits violated 18 U.S.C. § 926C, as well as their rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Plaintiffs are seeking injunctive relief against Defendants. Defendants now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In

considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). With these principles in mind, we turn to Defendants' motions.

**DISCUSSION**

Defendants move for summary judgment on the basis that LEOSA does not create an express or implied private right of action. According to Defendants, 18 U.S.C. § 926C merely grants immunity from state prosecution to retired officers who qualify under the statute's requirements to carry concealed weapons across state lines. Whether a federal cause of action exists depends upon the court's determination that the statute at issue displays an intent to create not just a private right but also a private remedy. *Ind. Prot. and Advocacy Servs. v. Ind. Family and Social Servs.,* 603 F.3d 365, 375 (7th Cir. 2010). Statutory intent is determinative. *Alexander v. Sandoval*, 532 U.S. 275, 287 (2001). To determine whether such an intent exists, the court must analyze the text and structure of the statute. *Ind. Prot. and Advocacy Servs.,* 603 F.3d at 375. Congressional intent may be found either in the express provisions of the statute or by implication. *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009).

## I. Express Cause Of Action

In the context of an express cause of action, the congressional intent is clearly apparent. Here, the language of subsections A, B, and C of 18 U.S.C. § 926 contains no indication of an explicit right granted to a private party to file a suit in the federal court system. Thus, Congress did not expressly intend to create a private cause of action under LEOSA. Without an explicit provision in the federal statute, a strong presumption exists that Congress did not intend a cause of action. *West Allis Memorial Hospital, Inc., v. Bowen*, 852 F.2d 251, 254 (7th Cir. 1988).

## II. Implied Cause Of Action

The inquiry must now turn to whether the statute creates an implied private cause of action. "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private *right* but also a private *remedy*." *Ward,* 563 F.3d at 286 (citing *Alexander*, 532 U.S. at 286)(emphasis added).

Plaintiffs argue that LEOSA unquestionably creates the *right* to carry a concealed firearm for qualified retired law enforcement officers. Plaintiffs' argument is predicated on the assertion that once an applicant satisfies the criteria of a "qualified retired law enforcement officer" as enumerated in § 926C(c), he is, as of right, automatically entitled to the identification card. Defendants contend that the statute confers a right solely to the holders of the identification card. For purposes of this discussion, we will

assume without deciding that applicants who are qualified retired law enforcement officers and are in possession of the photographic identification card as required in subsection (d) have the right to "carry a concealed firearm that has been shipped or transported in interstate or foreign commerce." § 18 U.S.C. § 926C(a).

The court's duty at this stage is to determine whether Congress implied a private *remedy*. After examining the plain language of the Act and its legislative history, the court concludes that LEOSA does not reflect Congress' intent to create a federal private remedy. Plaintiffs contend that because § 926C does not attribute any type of enforcement powers of the statute's provisions to any state agency, it follows that Congress must have implied a private remedy. Plaintiffs' argument does not withstand scrutiny in light of the recent amendments to the statute. On October 12, 2010, Congress amended LEOSA and empowered the state agencies, even more conspicuously than before, with the authority to implement the statute's provisions establishing the eligibility requirements for retired law enforcement officers and identification card recipients. Pub. L. No. 111-272, § 1132, 124 Stat. 2855 (2010). Section 926C(c) now defines a "qualified retired law enforcement officer" as an individual who:

> (4) during the most recent 12-month period, has met [...] the standards for qualification in firearms training for active law enforcement officers, *as determined by the former agency of the individual*, *the State in which the individual resides* or, *if the State has not established such standards*, *either a law enforcement agency within the State in which the individual resides* or *the standards used by a certified firearms instructor that is qualified to conduct a*

*firearms qualification test for active duty officers within the State*[.]" (emphasis added).

Additionally, Section 926C(d) now stipulates that the identification card issued by the agency for whom the individual worked previously must either:

1) indicate that the applicant has "been tested or otherwise found by the agency to meet the active duty standards for qualification in firearms training *as established by the agency* to carry a firearm of the same type as the concealed firearm; or

2) must be accompanied by "a certification *issued by the State in which the individual resides* or by a certified firearms instructor that is qualified to conduct a firearms qualification test for active duty officers within the State that indicates that the individual has [...] been tested or otherwise found *by the State* or a certified firearms instructor [...] to have met (I) the active duty standards for qualification in firearms training, *as established by the State*, to carry a firearm of the same type as the concealed firearm[.]"

Hence, the identification card required in § 926C(d) constitutes a reservoir of powers set aside for the States. The text of the Act reveals Congress' decision to preserve the States' authority in establishing eligibility requirements for qualified retired law enforcement officers. Recognition by the courts of a federal private remedy would be inconsistent with Congress' statutory scheme.

Furthermore, the structure of LEOSA is also a strong indicator of Congress' reluctance to institute a federal private remedy. Section 926, entitled "Rules and regulations," specifically authorizes the Attorney General to effectuate the purposes of section 926C by issuing any "rules and regulations as are necessary to carry out the provisions of this chapter." 18 U.S.C. § 926. This section contradicts a congressional intent to imply a privately enforceable right. "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Alexander*, 532 U.S. at 290.

By carving out a specific enforcement regime allowing the Attorney General to issue rules and regulations and the States to adopt their own firearm rules and standards, Congress did not intend to create an implied private remedy on a federal level. Plaintiffs have not offered any legislative history nor any compelling argument to rebut this conclusion, and we have not found any evidence in the statute suggesting that Congress intended such a remedy. When the analysis of a statute weighs against the implication of a private cause of action and the legislative history is silent, a court must conclude that Congress did not intend to create a private remedy. *Allison v. Liberty Sav.*, 695 F2d 1086, 1089 (7th Cir. 1982).

The court sympathizes with Plaintiffs in that LEOSA remains silent as to the appropriate way for qualified retired law enforcement officers to compel state officers

to issue the identification card. However, absent clear statutory intent, a court is precluded from creating a private right of action, "no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander*, 532 U.S. at 287. We conclude that LEOSA does not provide for a mechanism enabling Plaintiffs to sue and find that Defendants are entitled to summary judgment as a matter of law.

### CONCLUSION[1]

Defendants' motions for summary judgment are granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  December 16, 2010

---

[1] Defendants also moved for summary judgment on two additional grounds. First, Defendants ask that in the event we determine that Plaintiffs have a private right to sue under LEOSA, the Tenth Amendment would prohibit this court from compelling State officers to issue the identification card required under 18 U.S.C. § 926C(d). Second, they ask us to determine that Plaintiffs did not have full statutory powers of arrest and did not successfully pass the required training test in order to be certified as a "law enforcement officer," under § 926C(c)(4) and to be entitled to an identification card under § 926C(d). We elect not to address these arguments because they are moot.

In addition, Defendants contend that the Training and Standards Board's actions did not violate Plaintiffs' Equal Protection and Due Process rights. Plaintiffs did not present, with respect to their Equal Protection and Due Process claims, any arguments in their memorandum in opposition to the motion for summary judgment. When a party fails to present an argument in its brief with respect to a particular claim, any arguments with respect to that claim are waived. *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 588, 597-98 (7th Cir. 2003). Therefore, we will not consider these constitutional issues in this opinion.